QUESTIONS:
1. Under what conditions is a municipal police department required to transport patients to a receiving facility under the provisions of Part I, Ch. 394, F.S.?
2. Is the law enforcement agency which provides the transportation responsible for the expense of such transportation if neither the patient nor any person legally obligated or responsible for the patient is able to pay for the expense of transporting the patient to a receiving facility as a result of a court order or a physician's certificate, or if a police officer takes the patient into custody independently?
SUMMARY:
Under the provisions of Part I, Ch. 394, F.S., a municipal police department is required to transport patients to a receiving facility pursuant to an ex parte order of the court or a physician's certificate or when a law enforcement officer makes an independent judgment that a person is in need of emergency examination and treatment.
Section 394.459(11), F.S., as amended by s. 3, Ch. 73-133, Laws of Florida, does not require any patient or any patient's guardian or representative to pay for being transported to a receiving facility. Rather, in all those instances in which a law enforcement officer is required to transport patients to a receiving facility, the costs incurred are simply a part of the budgeted operating expenses of the municipal police department.
AS TO QUESTION 1:
Section 394.463(1)(a), F.S., as amended by s. 6, Ch. 73-133, Laws of Florida, provides that a person may be admitted to a receiving facility under emergency conditions if there is reason to believe that he is mentally ill and is likely to injure himself or others if allowed to remain at liberty or if he is in need of care or treatment and lacks sufficient capacity to make a responsible application on his own behalf and an ex parte order is obtained authorizing the admission.
Under s. 394.463(1)(b), F.S., this emergency admission may be initiated in three ways, to wit:
A judge may enter an ex parte order stating that a person appears to meet the criteria for emergency admission, giving the findings on which that conclusion is based and directing that a law enforcement officer take the person into custody and deliver him to the nearest receiving facility for emergency examination and treatment.
A law enforcement officer may independently take a person who appears to meet the criteria for emergency admission into custody and deliver him to the nearest receiving facility for emergency examination and treatment.
A physician may execute a certificate that he has examined a person within the preceding forty-eight hours and finds that the person appears to meet the criteria for emergency admission, stating the observations upon which that conclusion is based. The physician's certificate shall authorize a law enforcement officer to take the person into custody and deliver him to the nearest available receiving facility for emergency examination and treatment.
Thus, it is under the three conditions outlined above that a municipal police department will be called upon to transport patients to a receiving facility.
It should be pointed out that if at any time any patient who has been admitted to a receiving facility is found not to require hospitalization for emergency treatment or evaluation, the receiving facility shall discharge the patient (unless the patient is under criminal charges, in which case he shall be returned to the custody of the law enforcement officer for transportation to the nearest detention facility).
AS TO QUESTION 2:
Section 394.459(11), F.S., as amended by s. 3, Ch. 73-133, Laws of Florida, provides that
"If neither the patient nor any person legally obligated or responsible for the patient is able to pay for the expense of transporting the patient to a treatment facility, the governing board of the county from which the patient is hospitalized shall arrange for such required transportation."
In view of the plain language of the amendment, it is my opinion that s. 394.459(11), supra, applies only to the transportation of patients to treatment facilities and does not have any application to the transportation of patients to receiving facilities. Further, I am of the opinion that s. 394.459(11) does not require any patient or any patient's guardian or representative to pay for being transported to a receiving facility.
Thus, in all those instances when a law enforcement officer is ordered to take a patient into custody, a law enforcement officer takes a patient into custody independently, or a law enforcement officer takes a patient into custody on a physician's certificate, the costs incurred in transporting such a patient to a receiving facility are simply a part of the budgeted operating expenses of the municipal police department — as are expenses incurred in the detection or prevention of violations of the law and in the apprehension and detention of violators of the law.